## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH BLAKENEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-399** |
| | : | |
| **PHILA OFFICER** | : | |
| **CLAYTON BAKER,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**MARSTON, J.**                                                             **MAY 27, 2021**

Plaintiff Kenneth Blakeney, a prisoner currently incarcerated at the Federal Detention Center who is proceeding *pro se*, commenced this action by filing a Complaint (Doc. No. 2.) Before the Court had an opportunity to screen Blakeney's Complaint, he filed an Amended Complaint, which is now the governing pleading in this case.[1]  Named as Defendants are Philadelphia Police Officers Clayton Baker and David Escamilla, both sued their individual and official capacities, Joseph Aviv, the owner of United Auto Collision, Inc., and Joseph's Towing, LLC ("JTL").  Aviv and JTL are sued in their individual capacities.  Blakeney also seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement.  (Doc. Nos. 1, 3, & 5.)  For the following reasons, the Court will grant Blakeney leave to proceed *in*

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)).  Accordingly, the Clerk of Court will be directed to terminate United Auto Collision, Inc., which was not named as a Defendant in the Amended Complaint.

*forma pauperis*, dismiss his Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and grant him leave to amend.

## I.    FACTUAL ALLEGATIONS[2]

According to the Amended Complaint, on March 19, 2019, Blakeney's Chevrolet Impala was improperly parked on a one-way highway in front of a fire hydrant.  (Doc. No. 7 at p. 6.)  Defendants Baker and Escamilla are alleged to have called Defendant JTL, which towed the car.  (*Id.*)  Blakeney claims he was subsequently unable to find his car, and did not learn it had been towed until July 12, 2019, when he was arrested and advised by his lawyer that the car had been towed to Defendant JTL.  (*Id.*)

Blakeney's wife went to JTL and was provided with a letter stating the car was inspected and found to be in working order, but was told that the car may have been "junked" or taken to another location; she was provided with the license plate.  (*Id.*).  On February 6, 2020, Defendant Aviv is alleged to have denied that the car was functional and asserted that the letter provided to Blakeney's wife was untrue.  (*Id.*)  On February 26, 2020, the manager of Defendant JTL is alleged to have testified that she had never seen Blakeney's car, that she had provided a letter to Blakeney's wife as a courtesy, and at the time she provided the letter, the car had already been "junked" for failure to pay storage fees.  She further testified that JTL does not send letters to owners of vehicles or publish information in a newspaper to notify owners that their cars are in the possession of JTL, notwithstanding the fact that the police have contact information for owners whose cars are towed.  (*Id.* at p. 7.)  On the same day, Defendant Aviv testified that he recalled Blakeney's car as one Defendant JTL had towed for the City, and noted that JTL towed

---

[2] The facts set forth in this Memorandum are taken from Blakeney's Amended Complaint (ECF No. 7.)

in rotation for the City of Philadelphia Police Department. (*Id.*) He confirmed that the car had been junked for failure to pay storage fees. (*Id.*) Blakeney alleges that as a result of the foregoing, he has lost the value of the vehicle and personal items left in the car, evidence for a criminal case was destroyed, and he has incurred costs associated with rental cars and ride share fees. (*Id.* at p. 5.)

Attached to the Complaint is a letter from United Auto Collision, Inc./Joseph's Towing, LLC stating that the vehicle in question was towed to their facility on March 19, 2019, and that, when inspected on March 22, 2019, it had working brakes and taillights. (*Id.* at p. 16.) Also attached are photos of a car, presumably the one at issue. (*Id.* at pp. 18–19.) Receipts for auto rentals and other documentation related to the rentals are also attached. (*Id.* at pp. 21–26.)[3] Blakeney demands compensatory damages in the amount of $40,000. (*Id.* at p. 5.)

## II.  STANDARD OF REVIEW

The Court grants Blakeney leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] Attached to the original Complaint but not included with the Amended Complaint was a Towing Report issued by the City of Philadelphia on March 19, 2019 and signed by Defendant Escamilla (*see* Doc. No. 2 p. at 17).

[4] However, as Blakeney is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

(quotations omitted). Conclusory allegations do not suffice. *Id.* As Blakeney is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Amended Complaint does not advance any legal theories, but the Court liberally construes Blakeney's Amended Complaint to be asserting a federal constitutional claim against the Defendants pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Read liberally, Blakeney claims that the Defendant police officers arranged for his admittedly illegally parked car to be towed by a private towing company, acting under the direction and authority of the officers. (Doc. No. 7 at pp. 4, 6.) Thereafter, his car was towed to a private facility and disposed of without notice to him as the vehicle owner, causing damages. (*Id.* at p. 6.) While it appears that Blakeney is attempting to allege a Fourth Amendment illegal seizure claim and/or a Fourteenth Amendment due process violation, on the facts alleged he has not stated a plausible claim for either. Moreover, he has not stated a plausible official capacity claim against the Defendant police officers.

### A. Official Capacity Claims

Blakeney has sued the police officer Defendants in their official as well as their individual capacities. Claims against City officials named in their official capacity are indistinguishable from claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the Defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Here, Blakeney has not identified any policy or custom that resulted in the deprivation of any right. Accordingly, the official capacity claims against the police officer Defendants are dismissed. Because the Court cannot state with certainty that Blakeney will be unable to allege a plausible official capacity claim, he will be granted an opportunity to amend.

**B.     Individual Capacity Claims**

"The impoundment of an automobile is a Fourth Amendment seizure." *Draper v. Upper Darby Twp. Police Dep't*, Civil Action No. 10-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012). "Police, may, however, exercise discretion to impound a vehicle so long as that discretion is exercised according to standard criteria." (*Id.*) (citing *Colorado v. Bertine*, 479 U.S. 367, 375 (1987)). Whether the Fourth Amendment has been violated turns on the objective reasonableness of the seizure. *See United States v. Smith*, 522 F.3d 305, 312 (3d Cir. 2008).

The few facts Blakeney has alleged as against the Defendant police officers are not sufficient to state a plausible Fourth Amendment claim, because it is not alleged that they acted without regard to standard criteria when they arranged for Blakeney's car to be towed. However, because the Court cannot state at this early stage that Blakeney will not be able to state a plausible claim he will be granted leave to amend this claim.

The Due Process Clause of the Fourteenth Amendment provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life liberty, or property, and (2) the procedures available to him did not provide due process of law." *Rosado v. City of Coatesville*, Civ. A. No. 19-2426, 2020 WL 1508351, at *3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill v. Borough of*

*Kutztown*, 455 F.3d 255, 234 (3d Cir. 2006)). "A fundamental requirement of due process is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Rosado*, 2020 WL 1508351, at *3 (quoting *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 412, 417 (3d Cir. 2008)). Relevantly, Pennsylvania law requires that, after a vehicle is towed, but before it is declared abandoned, the vehicle owner must be notified of his right to a hearing. *Rosado*, *supra*, at *4 (citing 75 Pa. Cons. Stat. § 7305(b)(5)). Police are required to process such vehicles and complete an abandoned vehicle report; salvors in possession of such vehicles must send abandoned vehicle information to the Department of Transportation. 75 Pa. Cons. Stat. §§ 7301.1, 7304. Next, the Department of Transportation must notify the last known registered owner of the vehicle of his right to reclaim the vehicle upon payment of fees, to request a copy of the abandoned vehicle information report from the police, and to request a hearing to contest the status of the vehicle as abandoned. *Id.* at §7305.

Blakeney alleges a constitutionally cognizable property interest in his car. *See Ingraham v. Wright*, 430 U.S. 651 (1977). He alleges that the car was towed by Defendant JTL under the direction and authority of the named police officer Defendants, and that Defendant JTL towed for the City in rotation. (Doc. No. 7 at pp. 4, 6.) He also alleges that the car was disposed of by Defendant JTL without notice to him. (*Id.* at p. 6.) Under the facts alleged, Blakeney has plausibly alleged that he was not provided with pre- or post-deprivation notice or a hearing. While the Complaint does not at present state a plausible constitutional claim against Defendant JTL, because it is unclear that the initial tow constituted an unlawful seizure, the sparse facts alleged suggest that Blakeney could state a plausible claim upon amendment. *See, e.g., Orkowski v. McCauley*, Civ. A. No. 19-2087, 2019 WL 2246781, at *4 (E.D. Pa. May 22, 2019) (permitting § 1983 claim to proceed against towing company based on allegations that company

acted together with township officials to unlawfully seize property).  As noted, Blakeney will be permitted to amend his claims against the Defendant police officers.

The few facts alleged as to Defendant Aviv—that he is the owner of Defendant JTL, that he testified that Defendant JTL tows for the City in rotation and that Blakeney's car was "junked" for failure to pay storage fees—are not sufficient to state a plausible claim against him. It is not alleged that he is a state actor subject to a § 1983 claim.  Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).   "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).  Moreover, his direct participation in any of the events allegedly giving rise to Blakeney's claim, if any, is not clear.  *See Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.")  Blakeney will be granted leave to amend his claims against Defendant Aviv.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Blakeney's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  He will, however, be granted leave to amend his claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Karen Spencer Marston*
_____
**KAREN SPENCER MARSTON, J.**