IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH BLAKENEY,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 21-CV-399 |
| PHILA OFFICER<br>CLAYTON BAKER, *et al.*,<br>    Defendants. | : | |

**ORDER**

**AND NOW**, this 27th day of May, 2021, upon consideration of Plaintiff Kenneth Blakeney's Motion to Proceed *In Forma Pauperis* (Doc. No. 1), his Prisoner Trust Fund Account Statement (Doc. No. 3), and his *pro se* Amended Complaint (Doc. No. 7), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.[1]

2. Kenneth Blakeney, #7757-066, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Philadelphia Federal Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Blakeney's inmate account; or (b) the average monthly balance in Blakeney's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Blakeney's inmate trust fund account exceeds $10.00, the Warden or

---

[1] Blakeney filed a second motion for leave to proceed *in forma pauperis* and a second prison account statement (*see* Doc. Nos. 5 & 6.) Blakeney's second motion for leave to proceed *in forma pauperis* (Doc. No. 5) is **DENIED** as moot.

other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Blakeney's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of the Philadelphia Federal Detention Center.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to **TERMINATE** United Auto Collision, Inc. as a Defendant, because it is not named as a Defendant in the Amended Complaint.

6. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

7. Blakeney may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Blakeney's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint or Amended Complaint or other papers filed in this case to state a claim. When drafting his second amended complaint, Blakeney should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Blakeney a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Blakeney may use this form to file his second amended complaint if he chooses to do so.[2]

9. If Blakeney does not wish to amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10. If Blakeney fails to file any response to this Order, the Court will conclude that Blakeney intends to stand on his Amended Complaint and will issue a final order dismissing this case.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[2] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Karen Spencer Marston*
_____
**KAREN SPENCER MARSTON, J.**

---

court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).